Morning and welcome to our week of oral arguments in Jacksonville. Judge Grant and I are so pleased to have with us this week Judge Ashley Royal from the Middle District of Georgia. Judge Royal is a very experienced and highly respected judge in that district, well really all over the place, and so he doesn't get paid any extra and he's got a big docket at home so we very much appreciate his willingness to help us out this week. Judge Royal Counsel, we have familiarized ourselves with your cases and so we urge you to get to your most important arguments. You will not waive any arguments in your briefs if you don't mention them in oral argument which gives you the opportunity to really hit on what you think are your best points. We have our lighting system that we ask that you please observe. The yellow light will come on when you have two minutes left in your allotted time and then of course the red light means you should stop unless you're in the process of answering a question from the court. For the appellant, please try to limit yourself in rebuttal to arguments that your opponent has made and not raise completely new arguments. All right, let's begin. First I'll call the case of United States v. Brandon Phillips. Ms. Sanders? May it please the court, I'm Barbara Sanders. I'd like to reserve five minutes for rebuttal. I represent Brandon Phillips. I will focus my argument on count one of the indictment and that's briefed in issues one and two. The government has conceded that count three, the conviction and sentence on count three must be vacated so we're going to accept that concession. To start, let's look at the statute. Any person who employs, uses, induces, entices or coerces any minor to engage in, and then there's a comma, with the intent that such minor engage in any sexually explicit conduct for the purpose of producing a visual depiction. If you know that the depiction is transmitted over the internet or some other interstate commerce, that person will be guilty of violating the statute and subject to a 15-year minimum mandatory sentence. That statute, 18 U.S.C. 2251, does not contain a CNTER requirement as to knowledge of minority. Next, we want to compare the statute with the indictment. Brandon Phillips did knowingly and intentionally use, persuade, induce, entice and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction with the jurisdictional element. Mr. Phillips is currently serving 17 years in federal prison. A question is whether his conviction is based on the grand jury indictment handed down pursuant to the Fifth Amendment of the United States Constitution or whether it's based on the district court's instructions to the petty jury. I submit that it is the second, which this court needs to correct. The instructions given by the court amended the indictment and, more importantly, Mr. Brandon Phillips relied on the indictment. The key question here is whether the word knowingly was mere surplusage in the language of our cases or whether it constructively amended the indictment. Would you address that, please? I would. So, diverso is your precedent that confirms that the statute doesn't have this knowledge of age requirement and, in that case, the government also used knowingly. We find that out in footnote two that the government did include the element and the court says it's mere surplusage. But what else diverso says and what the district court didn't understand or didn't address, diverso continues to proclaim the validity of your precedent conciliari. So conciliari is the important case, not diverso. We don't dispute there's no element. We don't dispute that the government didn't have to allege. Conciliari is a leading case, reserved in diverso, which says if the government chooses to include that element, then the government has the burden to prove that element. What do you make of footnote two in the diverso case? Simply that, that it preserves conciliari. Also in diverso, diverso didn't argue, he argued that the element did contain, I'm sorry, that the statute did contain the element. We're not making that argument as clear after diverso. That's not true. Or before if you plainly read it. He also made the constitutional claim that the statute required the element. We are not making that claim. The footnote says we note moreover that the government's inclusion of the word knowingly in the indictment was mere surplusage. That's right. Why isn't that controlling here? Because if you keep reading footnote two, it continues on and says, however, there was no reliance by diverso on that element in the presentation of his defense. And that's the critical issue. Did Mr. Brandon Phillips rely on that inclusion of the element in his indictment? Diverso did not. In conciliari, the defendant relied entirely on the defense that his conduct was not willful. But that's not the case here, right? Well, I disagree with the government's argument on that. The government says, well, he had other things to say when he took the witness then. And then the government proceeds in its brief to simply summarize every word that Mr. Brandon Phillips said. Reread that testimony. He continually says that he did not know the age of the person who sent the video. But does it need to be his entire defense or is it sufficient that he relied on that defense in some way? Conciliari says, indeed, his whole defense to this charge rested on his lack of willfulness, the whole defense. I reread Brandon Phillips' testimony last night and it doesn't appear to me that his whole defense relied on that. For example, did you recognize these videos? No, I don't distinctly remember watching these videos. You remember watching the videos at all? He says, no. And then he goes further. There are other excerpts from his testimony in the transcript where he denies receiving, fundamentally denies receiving these or asking for these. And it certainly seems to me that that's a part of the defense in the case. Well, keep in mind, if I may, he's defending three counts. Count two and count three. Count two is the receipt, count three is possession. The judge instructed the jury the government had to prove the knowledge of the age. So he's defending more than one thing, just like conciliari is defending multiple counts. The only count, or there are two counts in conciliari, of money laundering that the holding relates to. He had other bank fraud charges and other charges that he used the good faith defense on that were not affected by the holding in conciliari. Did you defend this case at trial? I did not. Okay. I'd like to do it next time though, so if you'll send it back, I would certainly take the case. Do you know if the attorney who did defend this at trial realized that there was no central requirement related to age? Well, I think that's, we can speculate and say yes, if they were good lawyers, they did their research and they knew about diverso. But diverso, again, contains footnote two that says if you rely on it, then it's not mere surplusage and the government has the burden of prove it. They pled it, they prove it. So, I think that it's interesting in diverso and some of the other cases, some of these things do come up pre-trial. There could have been a motion or there are various stages at which the issue could arise, but for whatever reason in Mr. Phillips' case, it did not until after he got off the witness stand. And that's when Judge Hinkle said, wait a minute, knowledge of the age is not an element to this crime. He cites diverso and he cites excitement video, the Dicton excitement video, and he's right as far as it goes. He says, I'll look at that case you gave me, which is conciliary. He never comes back to it. The lawyers don't really bring it up again, but I would submit to you that based on the facts of this case, conciliary clause. We can speculate about what everybody... How do we interpret indictments? Obviously, we've got a lot of cases from the Supreme Court about how to interpret the word knowingly in statutory context. Yes, ma'am. Specifically in cases related to child sex, obviously knowingly has often been interpreted narrowly. How can we be sure that the... How do we interpret the indictment to figure out what knowingly even applied to? Thank you for raising that. That's issue two. I don't know that knowingly is interpreted narrowly necessarily. Statutes were normally interpreted narrowly. We have a construction of an indictment, and I believe it is excitement video itself that says when you have the element, it modifies all of the words following that element. Knowingly modifies all those verbs, which are reduced to clause by our trial judge and the direct object. That's the grammatical argument that comes from excitement video. It's the only grammatical way to read it. If you say, you knowingly cause, the natural question is caused what? Caused whom? I think that that's the way to read the indictment is it would naturally follow that he's charged with knowingly causing a minor to produce these videos. There's some policy arguments behind that because of what the producer of child pornography might know or not know. Some of those cases exist prior to the internet, of course, but thank you. My time is up. Mr. Smith? Good morning, your honors. May it please the court. My name is Zack Smith, and I'm here today on behalf of the United States. The question in this case is about knowledge. The knowledge that Mr. Phillips needed to violate 18 U.S.C. 2251A and the knowledge that the government was required to prove that he violated that statute. Judge Pryor, to go back to your question about DeVerso, the government's position is that that question begins and ends with this court's holding in DeVerso. That case is on all fours with this case. In that case, the defendant didn't challenge the interpretation of the indictment. That's true, your honor, but if you look at the footnote, there's no dispute as I believe counsel conceded in a brief and here argument today, that there is no requirement that the government prove that the defendant knew the knowledge, had knowledge of the age of the victim in the video, the visual depiction. In that case, in DeVerso, Judge Pryor, the way the indictment read according to the court is that the defendant did knowingly employ, use, persuade, entice, or cause a minor to gauge in its sexually explicit conduct. Similarly, in this case, the way the indictment reads is that the defendant did knowingly and intentionally use, persuade, induce, and entice a minor to engage in sexually explicit conduct. But the argument that Mr. Phillips makes here was not addressed in DeVerso because it wasn't made. Isn't that right? So why is it not dictated in the footnote? Your honor, going to the second part of the footnote, cancellary, which Mr. Phillips relies on in his brief here. The footnote, footnote two in cancellary, in DeVerso, which addresses cancellary, states that if, that there's an exception for surplusage if a defendant relies on erroneously charged surplusage in an indictment, it's the government's position that the knowingly and intentionally language in Mr. Phillips' indictment was not erroneously charged surplusage, and that it in fact tracks the requirements of the statute. Section 18 U.S.C. 2251 does not contain a mens rea, and where a statute does not contain a mens rea, a court will read one into it, typically knowingly. And all the government did in this case, as in DeVerso, is place the mens rea in the indictment. The mens rea that Mr. Phillips had to knowingly intend to entice a minor to engage in sexually explicit conduct, it doesn't change the requirement or modify that he had to know that the individual in the depiction was a minor. In many ways, 2251 is similar to a statutory rape charge. In a statutory rape case, all that needs to be proven is that the individual intended to engage in the sexual conduct, not that the individual knew the person with which  Similarly here, all the government had to prove was that Mr. Phillips intended to entice, knowingly enticed someone to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. How do we get to that reading? Do we get to that reading with grammatical principles, or do we apply something like a rule of statutory interpretation, in that since we know that the statute doesn't require knowing the victim's age, does that affect our interpretation of the indictment in any way? I don't think it does, Your Honor. And the reason it doesn't is that this isn't a statutory construction case, and there are differences between the way a court constructs an indictment and the way a court would construe a statute. And where appropriate, the court should construe the indictment to be consistent with congressional intent. And as the Supreme Court stated in an excitement video, and this court clarified in DeVerso, Congress did not intend for the knowledge requirement, the mens rea requirement, to go to the age of the person being depicted. Congress intended the mens rea requirement to go to the fact that the defendant intended for someone to gauge in sexually explicit conduct for the purposes of creating a visual depiction of that conduct. And so, in this case, as in all cases, Your Honor, I believe that the indictment should be read consistently with congressional intent. What if the indictment said, with knowledge of the victim's age, would we have to read that out, too? That's a different situation, Your Honor. And I certainly think that would be a different case, especially if the defendant relied on that language. But that's not what we have here. What we have here is simply the indictment tracking the statute 2251. And there is no difference between what the indictment said and what the statute required. And I think the concern of many U.S. Attorney's offices in charging these cases is to avoid they essentially find themselves in a catch-22. The concern is that if the mens rea requirement is not included in the indictment, then defendants would complain that they're being charged under a statute lacking mens rea and that it wasn't clearly defined what that mens rea would be. Whereas on the opposite end, if it's here, the government does include the knowing element in the indictment. The government finds itself facing this very argument. And I think that given the statute and the knowledge requirement in the statute, the government decided to err on the side of caution and include the knowing and intentionally language in the indictment. I'm having trouble seeing how someone could accidentally use, persuade, induce, or entice. It seems to me that's what your argument is, right? It can't be accidental. But those words seem to me to have an element of intentionality to them. Your Honor, I think it would have to be knowing. The knowing mens rea is the appropriate mens rea there. And I think in this case, if the jury did find that Mr. Phillips did not intend to cause somebody to engage in sexually explicit activity or intend somebody to produce a visual depiction of that activity. But it's not somebody. It's a minor. Correct, Your Honor. But again, I don't believe the government had to prove that Mr. Phillips intended a minor. He didn't have to know the person producing the depiction was a minor. All he had to know was that he was intending for somebody to engage in the conduct and produce a visual depiction of that conduct. Well, no one disputes that that's the law. So we're talking about the interpretation of the indictment here. Correct, Your Honor. And again, I would like to point out a distinction between this case and the Cancellary case. In Cancellary, in that case, it involved the money laundering statute. And the government charged knowing and willfully in the Cancellary indictment. And everybody agrees that willfulness is not an element under the money laundering statute. And willfulness is a higher mens rea than knowingly in criminal law. And in that case, where the court physically redacted the indictment and said that the government need not prove willfulness, in that case, this court found that was error. But again, that's not the case here. The government did not charge a higher mens rea than is required by the statute. Is this the standard indictment for this crime in your jurisdiction? It is, Your Honor, in this jurisdiction. And we did, prior to charging this case and other similar cases, our office has canvassed other U.S. attorneys' offices. And there is discrepancy in the way this charge, a crime under 2251 is charged. But we have found that many, many other districts do charge it the way that our district charged it, and include the knowingly language. Are you going to charge it like this again in the future? We're certainly in discussions about that, Your Honor. But there are, again, there are many indictments from other districts that do include the mens rea element. And I think the concern, again, Judge Royal, is that the government is, frankly, finds itself in a catch-22 in these situations. They want to track the statute and include the appropriate mens rea in the indictment. And I believe that's what the government was trying to accomplish in this case as well. If I could, Your Honor, I would like to make two additional brief points. One of the points is, in the reply brief, Mr. Phillips referenced United States v. Benitez. And in that case, it involved a firearm, where there was a question over whether somebody involved in a bank robbery, whether the government needed to prove they used a dangerous weapon or whether they needed to use a firearm. In that case, the district court apprised the defendant that he thought the firearm language in the indictment was mere surplusage. After the district court notified the defendant that it was the court's position that the language was surplusage, the defendant chose to move forward, essentially arguing that the government had charged a higher-level, a higher-level element that it was not otherwise required to prove. I would argue the same is true here. In this case, DeVerso's on point, as well as the 11th Circuit Pattern Instruction 082, which in the notes and comments explicitly states, cites DeVerso and states that the age of the person being depicted is not an element that the government needs to prove in order to obtain a conviction under 2251. And finally, Your Honors, I think it's also important to note as well that Mr. Phillips was not only charged and convicted under Count 1 for violating 2251, he was also convicted under Count 2 and Count 3 for receipt and possession of child pornography. And the element, one of the elements for each of those charges is that Mr. Phillips knew that the video showed a person under age 18 engaged in sexually explicit conduct. So the jury made a finding that Mr. Phillips had knowledge that the persons depicted were under 18. And so even if the court were to accept Mr. Phillips' argument, which the government believes it should not, but even if it does, any error would be harmless error. And I believe under this court's decision in the United States, be Adams, even though that argument was not briefed by the government, the court is certainly free to consider it and it's the government's position that the court should consider it. And Your Honors... Let me ask you a question about cancelary, what Judge Royal brought up earlier about the whole defense being based on that word. Correct. But if Mr. Phillips relied on the presence of the word knowingly in the indictment, and I think he did here, then why would it matter whether that was a defense or his entire defense? Well, if I can, Judge Pryor, two points. I think he did so at his own peril, once again, similar to the media's case. The case law is clear, and also in the pattern instructions, it explicitly sets forth that the lack of knowledge about the age of the person is not a defense to a charge under Section 251. So first, he went forward at his own peril. But I think it is important that it wasn't his entire defense. Don't forget, at trial, the evidence showed that Mr. Phillips, a 33-year-old man, was posing as an 18-year-old female in various social media outlets. While posing as an 18-year-old female, he engaged in thousands and thousands of chats, text messages, exchanges with many, many people. And Mr. Phillips' defense is essentially that he didn't know who he was talking to. He was engaged in too many anonymous conversations that he didn't really know who they were or what they were doing. And, Your Honor, that is a different defense than one targeted that Mr. Phillips did not know that the minor, the 14-year-old child in this case, was under the age of 18. That's a substantially different defense than Mr. Phillips making a very targeted argument that he didn't know this individual was under 18. But you don't dispute that he did make that argument. He relied on that argument that he didn't know the person was under 18. Your Honor, I think his argument was broader. He didn't know who he was chatting with and he didn't really know the true identities or the ages of anyone he was chatting with. The portion of cancellary, which uses the phrase his whole defense, is actually talking about the government's argument that the error was harmless, wasn't it? I can't recall as I stand here today, Your Honor. I would need to review that. The court began that section saying we do not agree with the government that the district court's use of the word willful in defining the term intentional renders the error harmless and then goes on to talk about this having been Mr. Cancellary's entire defense. Correct, Your Honor. That is correct. It sounds to me under cancellary it's not necessary that the whole defense have rested on that word in the indictment. Would you agree? I would not agree with that, Your Honor. I would not agree with that because again the holding in cancellary is limited to the fact that the sole defense in that case was that Mr. Cancellary relied on erroneously charged language in the indictment. I think that's an important distinction because in footnote 2 of DeVerso and if I may have a moment briefly to finish in footnote 2 in DeVerso the court says that the reliance argument is still good law where a defendant relied on erroneously charged surpluses. The government's position in this case is that even if the knowing and intentionally is surpluses, it's not erroneously charged surpluses because it tracks the mens rea requirement of the statute and congressional intent when they pass 18 U.S.C. 2351. If we were to find that there's a constructive amendment of the indictment here, is that per se reversible error? I don't believe it is, Your Honor. The reason I don't believe it's per se reversible error is because the jury did make the finding in count 2 and count 3 that Mr. Phillips knew he possessed visual depictions of individuals under the age of 18. The jury already made that finding. Even if the court were to accept Mr. Phillips' argument the government's position would be that that is per se reversible error. Thank you. Thank you. May it please the court. That brings up a lot of issues. Harmless error being one of them. Keep in mind the timing elements. No, no, no, I don't mean statutory elements. Count 1 is producing child porn in essence. Count 2 is receiving it and possessing it. Without producing, you look at child porn you can say, I know that person as a child. So the question is whether he knew the person was an underage person when the person was enticed or induced to send the porn. So that is the distinction why it's not harmless error. The Benitez case has a lot of facts that are not in our case. They address all of their issues up front and pretty much this court ruled that there was no reliance. It doesn't really come out and say it that way because it doesn't talk about conciliary but that's because the parties didn't bring that up. There was clearly no reliance in that case. As to whether or not it was his whole defense or his entire defense the issue of I didn't know everything. The government almost made at trial through its cross-examination and through its closing that there's some sort of negligence standard that what Mr. Phillips did was negligent and if we want to go there then we need to go there on a case that really brings that issue before this court because the whole line of cases from Mercedi to Staples when they're talking about center elements they do carve out statutory rape which was not briefed by the government and public welfare. This is a derogation of the common law to have a 17 year sentence for behavior that the government did not prove was evil or bad intent and that is the problem. The crime itself is evil if you know that you're inducing a minor to commit the crime. What's happening here behind the scenes is a shift in the statute or in the law regarding this kind of case. However, we can focus strictly on our case here. We can focus strictly on what happened in this case. The rule of law that I would like for you to embody is already the rule of law in diverse and conciliary. You don't need to go the extra mile and you certainly don't have to excuse the government when it makes a pleading decision. The government is a big boy and the rule is... I'm going to stop you and ask a question. You've argued that we ought to look at grammatical principles applying knowingly. Are you familiar with our U.S. v. Daniels case? I can't say that I am. In that case, this court interpreted the child prostitution statute which says whoever knowingly persuades induces, entices or coerces any individual who has not attained the age of 18 years to engage in prostitution. We interpreted that statute under the principle that the common law establishes that for child sex crimes that harm children sexually, the mens rea is typically not held to include the age of the child. Why would we read this indictment any differently than we read that statute? First of all, this indictment says knowingly and intentionally. I disagree with the government that there's some sort of lesser standard because they used knowingly. They also used intentionally. There hasn't ever been any case from the Supreme Court that carves out child sex cases as a difference. They have that argument in excitement video with Justice Scalia in the dissent saying you've now made the statute unusable. In that case, it was 2252. I'm not familiar with Daniels so I can't talk about the facts of that case. But as a rule of law, if you wish to carve out as an exception child sex cases, whether it's trafficking which sounds like that was a trafficking case or the internet enticement cases, this is not the case to do that in. This is the case to continue with your precedent follow stare decisis. You will note in most of the child sex cases the facts, particularly where the law enforcement is really the person on the other end of the conversation, almost every single one of them law enforcement clearly says I am a 13-year-old female or I am a 13-year-old male so that they don't have this dispute. And that's what the government saying it did. Well, we tried to keep this dispute out of this case by adding knowingly and intentionally. Just as Thomas and Staples says that's the court's decision. I could see that argument being taken and if we try this case in a jury instruction or pretrial argument, judge throw this indictment out. It's unconstitutional. It doesn't contain a CNTR requirement. Then we all get together and brief that for Judge Hinkle. He gets a chance to look at everything. We rule on that. But that's not what happened in Mr. Phillips' case. And my argument is that you should reverse as to count one and let Judge Hinkle make that argument if necessary. I mean the government could always resubmit and get a superseding indictment. It may not be the end of the story. We don't know what's going to happen on the remand. But I appreciate your time. Thank you. Ms. Sanders, I see that you were CJA appointed and we appreciate your assistance to the court. Very well done arguments by both sides. Thank you very much. Thank you.